UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOHN TRIBBLE

                                 Plaintiff,    **COMPLAINT AND
JURY DEMAND**

          -against-

                                 **07 CIV 8664**

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, CORRECTION OFFICER BULLOCK, BADGE
#1632, CAPTAIN PEREZ, CAPTAIN STERLING,
OFFICERS JOHN DOE #1-8,

Docket #

ECF CASE

                                      Defendants.

------------------------------------------------------------------- x

JUDGE KOELTL

RECEIVED OCT 0 5 2007 S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Fourth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a September 28, 2006 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York. He was a pre-trial detainee at the time of the incident in the custody of the Department of Correction.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his

individual capacity.

10. All other individual defendants ("the officers") are employees of the D.O.C., and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On September 28, 2006, at the Adolescent Reception and Detention Center ("A.R.D.C.") on Riker's Island, plaintiff was assaulted and battered by numerous Correction Officers, including Captain Perez, Captain Sterling, and John Doe correction officers, resulting in a broken jaw that required surgery. The assault was unprovoked and unjustified.

14. Captain Perez, Captain Sterling, and John Doe correction officers then systematically denied plaintiff access to medical attention for his serious medical needs.

15. Corrections officers subjected plaintiff to excessive force without any legitimate security reason.

16. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence

and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right not to be searched or seized unreasonably under the Fourth Amendment to the United States Constitution;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional right under Article 1, Section 12 to not be unreasonably searched or seized;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   g. Loss of liberty.

### FIRST CAUSE OF ACTION
(42 USC § 1983- EXCESSIVE FORCE)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21.  Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22.  The above paragraphs are here incorporated by reference.

23.  The City, the Commissioner, the Chief and the Warden are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

24.  The City, the Commissioner, the Chief and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

25.  The aforesaid event was not an isolated incident. The City, and the Commissioner have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City and the Commissioner insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate inmate complaints of violence or abuse when the complainant does not initiate the claim, or when the complainant decides not to go forward with a complaint out of a fear of reprisals, or when the complainant insists on representation by counsel in going forward. In all of these instances, the investigations will be cut short, even when there is some evidence of wrongdoing. The City and the

Commissioner are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

26. The City and the Commissioner knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Commissioner failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

27. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and the Commissioner the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

29. The City and the Commissioner have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

30. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City and the Commissioner.

### THIRD CAUSE OF ACTION
(DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

31. The above paragraphs are here incorporated by reference.

32. Defendants have acted under color of law and conspired to deprive plaintiff of his civil,

6

constitutional and statutory rights to due process of law pursuant to the Fourteenth Amendment of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

33. Defendants knew plaintiff had serious medical needs and deliberately denied him medical attention for those needs.

## FOURTH CAUSE OF ACTION
(ASSAULT)

34. The above paragraphs are here incorporated by reference.

35. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

37. Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

40. Defendants used excessive and unnecessary force with plaintiff.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

42. Plaintiff was damaged by defendant's battery.

## SIXTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

43. All preceding paragraphs are here incorporated by reference.

44. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

45. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

46. The above paragraphs are here incorporated by reference.

47. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

48. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

49. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

50. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

51. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

## EIGHTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

8

52. The above paragraphs are here incorporated by reference.

53. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## NINTH CAUSE OF ACTION
(CONSPIRACY)

55. The above paragraphs are here incorporated by reference.

56. Defendant correction officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiff.

57. Defendants took action in furtherance of this agreement by writing a false infraction report against plaintiff, and by denying him immediate medical attention for his serious medical needs.

58. Plaintiff was injured as a result of defendants' conspiracy.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         October 3, 2007

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY  10007

     Department of Correction Commissioner
     Martin Horn
     60 Hudson Street
     New York, NY 10013

Yours, etc.,

Stoll, Glickman & Bellina, LLP
Attorney for Plaintiff
By Andrew B. Stoll (AS8808)
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com