UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

JOHN TRIBBLE,

                      Plaintiff,

       -against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CORRECTION OFFICER BULLOCK, BADGE #1632,
CAPTAIN PEREZ CAPTAIN STERLING, OFFICERS
JOHN DOE #1-8,

                      Defendants.

----------------------------------------------------------- x

STIPULATION AND
PROTECTIVE ORDER
CONCERNING INSPECTION
OF CERTAIN N.Y.C. DEPT.
OF CORRECTION
FACILITY

07 CV 8664 (JGK)(DCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/208

       **WHEREAS**, counsel for plaintiff has requested that the City of New York provide him with access to certain portions of the facilities of the New York City Department of Correction ("DOC facilities") for the purposes of inspecting, and photographing the premises, pertaining to the above-referenced case, specifically including: the intake area at the Robert N. Davornen Center ("RNDC"), the even side corridor at RNDC which leads from the intake area to the past the housing area known as "Mod 4 Lower" and leading to the housing area known as "Mod 4 Upper" and the staircase of the "2" building at RNDC;

       **WHEREAS**, because of security concerns, the City of New York deems the photographs and any information or document depicting the likeness of DOC facilities privileged and/or confidential; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **WHEREAS**, defendants object to granting plaintiff access to DOC Facilities for the purpose of taking photographs and/or making drawings unless appropriate protection for



2127884123
07/17/2008 09:47 IFAX astoll@nyc.rr.com
Case 1:07-cv-08664-JGK   Document 8   Filed 07/23/2008   Page 2 of 9
→ Andrew Stoll   ☒002/009

confidentiality is assured and that plaintiff agrees to and abides by the terms and conditions set forth below; and

WHEREAS, the defendants believe that the taking of photographs and/or making any drawings may implicate security concerns, which the defendants believe would be harmful to the privacy, governmental and law enforcement interests of the City, its employees, and/or its contractors or sub-contractors; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, attorneys for plaintiff and defendants, respectively, as follows:

1. As used herein, "Confidential Materials"[1] shall mean the Post Order folders located at specific search areas; the photographs, negatives or digital camera files, print images, drawing and/or sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the visit of DOC Facilities. These documents are deemed confidential because of security, law enforcement, governmental and/or privacy interests of the Department of Correction, its employees, contractors and subcontractors, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The Confidential Materials are for "attorneys' eyes" only and plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

---

[1] By entering into this Stipulation, defendants do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants waive any objections to their admissibility.

2

(a) Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in these actions.

(b) Disclosure before trial may be made only to experts retained or specially employed by plaintiff in this action, in anticipation of litigation or preparation for this action, to a witness at deposition but only to the extent the witness was involved in or witnessed a search in the particular area depicted or to the Court. The Confidential Materials may be disclosed to the plaintiff himself only to the extent that the incident that is the subject of this actions is alleged to have occurred in the particular area depicted. The plaintiff himself may not disclose the Confidential Materials to anyone.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or a party), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution of these cases and not to further disclose the Confidential Materials except in testimony taken in this case. A copy of the notarized signed consent will be given to counsel for defendants **in a reasonable time in advance of and** prior to inspection by the witness of the Confidential Materials.

3. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled cases.

3

4.　　Plaintiff's attorneys shall provide any individual accompanying them to the DOC Facilities with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials other than to the parties. The original of each signed consent shall be retained by plaintiff's attorneys and a copy thereof shall be given to counsel for defendants within a reasonable time in advance of and prior to the inspection.

5.　　Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.　　If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of these actions, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

4

7. In addition, where reasonable advance notice is given by plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant Protective Order. Upon a showing that the Confidential Materials may be disclosed at a hearing or at trial, and the disclosure should be protected, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

8. In the event the District Court finds the Confidential Materials admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to testify about them, provided that such witnesses acknowledge, either in writing or on the record, his or her understanding of the Protective Order and the fact that he or she is bound by its terms.

9. Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon **defendants' attorneys'** consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

10. The parties agree that plaintiff's attorneys and/or anyone accompanying them to the DOC facilities shall NOT under any circumstances photograph or draw in any fashion any prisoner, or police or correction personnel whether in uniform or not, that are

5

2127884123
07/17/2008 09:48 IFAX astoll@nyc.rr.com
Case 1:07-cv-08664-JGK   Document 8   Filed 07/23/2008   Page 6 of 9
→ Andrew Stoll   ☒ 006/009
8/11

observed at DOC Facilities. The parties also agree that plaintiff's attorneys and/or anyone accompanying them to the DOC facilities may not bring or use a tape recorder or video camera or wide-angle camera, and may not use a cell phone camera.

11. Due to security, law enforcement, governmental and/or privacy interests of DOC, counsel for defendants does NOT under any circumstances want plaintiff's attorneys and/or anyone accompanying them to inspect, photograph or draw in any fashion, the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, door knobs and/or other similar equipment used to secure the doors, gates and windows. Plaintiff's attorneys recognize the legitimate security concerns of the defendants, and agree not to take any close up photographs of these items, but will not agree to a complete ban on any photography that **incidentally include** these items because photos of these may need to be taken in order to properly photograph the incident that is the subject of this action took place. During the inspection, the parties agree to in good faith attempt to resolve this matter. If the parties cannot resolve such matters after a good faith effort, then the parties reserve the right to seek relief from the Court. The plaintiff's attorneys agree NOT to take any photos of disputed items without first obtaining an order of the Court.

12. Plaintiff's attorneys, and any individual accompanying them to the site visit, shall not speak to any prisoner for any reason.

13. Plaintiff's attorneys, and any individual accompanying them to the site visit, shall not interview or question any DOC staff for any reason, unless given explicit permission by defendants' attorneys.

14. If at anytime it appears to the defendants' counsel and/or DOC staff present during the site visit that plaintiff's attorney or anyone accompanying them, whether

inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, plaintiff's attorney and anyone accompanying them will be immediately directed and expected to cease inspecting, photographing or drawing and the site inspection shall be terminated. At that time, if necessary, the parties will endeavor to resolve the dispute in question in good faith. If the parties cannot resolve such matters after a good faith effort, then the parties reserve the right to seek relief from the Court.

15. Plaintiff's attorney shall provide the defendants' attorneys' with color duplicates of all photographs and/or drawings taken during the above mentioned site visit, regardless of their quality and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to defendants' counsel. The City reserves the right after inspection of these documents and if necessary, to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by plaintiffs. Defendants will inform plaintiff's attorney of such determinations within a reasonable time frame after receipt of the photographs and drawings. Plaintiff will, within ten (10) days after receipt of defendants' objections, respond in writing to defendants' determination concerning the photography of the prohibited item, area or persons. If the parties cannot resolve such matters after a good faith effort, then plaintiff may seek relief from the Court. While the resolution of such matters is pending before the Court, the disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing.

16. Plaintiff's attorney is required to provide defendants with all necessary information regarding the identities of counsel and any other persons who participate in the site visit at least 48 hours prior to inspection.

17. The parties agree to jointly request the Court to enter this Stipulation and Protective Order as an Order of the Court. The failure of the Court to enter this Stipulation and Order, shall not void or otherwise alter the agreement between the parties.

18. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
July 7 2008

STOLL, GLICKMAN & BELLINA, LLP
*Attorneys for plaintiff*
71 Nevins Street
Brooklyn, New York 11217
(718) 852-3710

By: _____
ANDREW STOLL (AS____)

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 788-1816

By: _____
GABRIEL HARVIS (GH2772)
Assistant Corporation Counsel
Special Federal Litigation

SO ORDERED:

7/18/08     _____
                  U.S.M.J.

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time.

                                    So Ordered.
7/18/08                             _____
                                    U.S.D.J.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Concerning Inspection of Certain N.Y.C. Dept. of Correction Facilities dated July 17 2008, entered in the United States District Court for the Southern District of New York in the action entitled *John Tribble v. The City of New York, et al.* and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                     Signature

                         _____
                         Print Name

                         _____
                         Occupation

9