UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN TRIBBLE,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CORRECTION OFFICER JOHN AVILES, SHIELD #4812, CORRECTION OFFICER AVERY JENNINGS, SHIELD #17464, CAPTAIN WILLIE PERRY, SHIELD #480, CORRECTION OFFICER BULLOCK, BADGE #1632, CAPTAIN PEREZ, CAPTAIN STERLING, OFFICERS JOHN DOE #1-5,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST AMENDED COMPLAINT**

**07 Civ. 8664 (JGK)(DCF)**

Jury Trial Demanded

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint.

        3.      Paragraph "3" of the complaint contains no averments to which a response is required.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN," "CORRECTION OFFICER JOHN AVILES, SHIELD #4812," "CORRECTION OFFICER AVERY JENNINGS, SHIELD #17464," "CAPTAIN WILLIE PERRY, SHIELD #480," "CORRECTION OFFICER BULLOCK, BADGE #1632," "CAPTAIN PEREZ," and "CAPTAIN STERLING" have not been served with process. Thus, they are not parties to this action.

      4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      5.      Denies the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      6.      Denies the allegations set forth in paragraph "6" of the complaint.

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

      8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code.

      9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that Martin Horn is the Commissioner of The New York City Department of Correction and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of his duties and responsibilities.

      10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      11.      Paragraph "11" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

      12.      Denies the allegations set forth in paragraph "12" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about December 11, 2006, and that no payment has been made by defendant City.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint and all its subparts.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39"of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44"of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

52. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

53. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

54. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

55. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

56. Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58. Venue may not be properly laid in this district.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 13, 2008

>                 MICHAEL A. CARDOZO
>                 Corporation Counsel of the
>                 City of New York
>                 *Attorney for Defendant City of New York*
>                 100 Church Street, Room 3-193
>                 New York, New York 10007
>                 (212) 788-1816
>
>          By:         /s/
>                 Gabriel P. Harvis
>                 Assistant Corporation Counsel

To:   Andrew Stoll, Esq. (By ECF)
      71 Nevins Street
      Brooklyn, New York 11217

Index No. 07 CV 8664 (JGK)(DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN TRIBBLE,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CORRECTION OFFICER JOHN AVILES, SHIELD #4812, CORRECTION OFFICER AVERY JENNINGS, SHIELD #17464, CAPTAIN WILLIE PERRY, SHIELD #480, CORRECTION OFFICER BULLOCK, BADGE #1632, CAPTAIN PEREZ, CAPTAIN STERLING, OFFICERS JOHN DOE #1-5,

                      Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street Rm 3-193
New York, N.Y. 10007

*Of Counsel: Gabriel P. Harvis*
*Tel: (212) 788-1816*
*NYCLIS No. 2007036539*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................, 2008 . . .*

*........................................................ Esq.*

*Attorney for ...............................................*

- 7 -